**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KAREEM A. TANNOUS,<br><br>Plaintiff,<br><br>v.<br><br>CABRINI UNIVERSITY,<br><br>Defendant,<br><br>v.<br><br>STOPANTISEMITISM.ORG,<br><br>Defendant,<br><br>v.<br><br>JOHN AND JANE DOEs #1-20,<br><br>Defendants. | Case No. 2:23-cv-1115 (GAM) |

**PROPOSED ORDER**

AND NOW, this ____ day of _______________, 2023, upon consideration of the Motion for Reconsideration of Order Denying in Part Defendant StopAntisemitism.org's Motion to Dismiss, and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED** and Count VII of Plaintiff's Complaint against Defendant StopAntisemitism.org is hereby **DISMISSED** with prejudice.

_______________________________________
Hon. Gerald A. McHugh
United States District Court Judge

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KAREEM A. TANNOUS,<br>Plaintiff,<br>v.<br>CABRINI UNIVERSITY,<br>Defendant,<br>v.<br>STOPANTISEMITISM.ORG,<br>Defendant,<br>v.<br>JOHN AND JANE DOEs #1-20,<br>Defendants. | Case No. 2:23-cv-1115 (GAM) |

**MOTION FOR RECONSIDERATION OF ORDER DENYING IN PART DEFENDANT STOPANTISEMITISM.ORG'S MOTION TO DISMISS**

Defendant StopAntisemitism.org, by and through undersigned counsel, respectfully moves this Court for reconsideration in part of its October 4, 2023 Order and corresponding Memorandum denying in part Defendant StopAntisemitism.org's Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Specifically, Defendant StopAntisemitism.org moves to amend the Court's October 4, 2023 Order and corresponding Memorandum to dismiss Plaintiff Kareem Tannous' false light invasion of privacy claim (Count

VII) against StopAntisemitism.org with prejudice.[1] The factual and legal support for this Motion are set forth in the accompanying Memorandum of Law, which is incorporated herein by reference.

**WHEREFORE**, Defendant StopAntisemitism.org respectfully requests this Court enter an Order dismissing the false light invasion of privacy claim (Count VII) against StopAntisemitism.org in Plaintiff's Complaint with prejudice.

Respectfully submitted,

COZEN O'CONNOR

By: *s/ Stephen A. Miller*

Stephen A. Miller
(Pennsylvania Bar #308590)
Gabriella M. Scott
(Pennsylvania Bar #332391)
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-4736
(215) 253-6796 (facsimile)
samiller@cozen.com

*Attorneys for Defendant STOPANTISEMITISM.ORG*

Dated: October 12, 2023

[1] The Complaint incorrectly refers to both the defamation and false light invasion of privacy claims as Count VI. Plaintiff's claim for false light invasion of privacy is correctly labeled as Count VII.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KAREEM A. TANNOUS,<br><br>Plaintiff,<br><br>v.<br><br>CABRINI UNIVERSITY,<br><br>Defendant,<br><br>v.<br><br>STOPANTISEMITISM.ORG,<br><br>Defendant,<br><br>v.<br><br>JOHN AND JANE DOEs #1-20,<br><br>Defendants. | Case No. 2:23-cv-1115 (GAM) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR RECONSIDERATION OF ORDER DENYING IN PART DEFENDANT STOPANTISEMITISM.ORG'S MOTION TO DISMISS**

## I. INTRODUCTION

The First Amendment fiercely protects matters of pure opinion. Indeed, this Court properly recognized that the First Amendment shielded StopAntisemitism.org from liability for Plaintiff Kareem Tannous's ("Plaintiff's") defamation and tortious interference claims against Defendant StopAntisemitism.org because the disputed statements were both opinions and based on matters of public concern.

The Court, however, inadvertently created an exception that would swallow this well-established rule — namely, allowing Plaintiff's false-light invasion of privacy claim to survive without any mention of First Amendment protections. It is logically and legally inconsistent to hold that the First Amendment barred defamation and tortious interference claims based on statements of opinion but did not protect the ***same statements*** from tort liability via a false-light claim.

If not corrected, the Court's decision would radically transform defamation law in Pennsylvania. Indeed, there would be no need for a defamation claim at all, if litigants could evade the First Amendment's protections simply by pleading their claim as a false-light tort. The First Amendment cannot boldly protect opinion for defamation claims — which it indisputably does — and then not protect *the same statements of opinion* from liability under a false-light theory.

StopAntisemtism.org respectfully moves the Court for reconsideration on this basis.

## II. ABRIDGED BACKGROUND

On October 4, 2023, the Court granted Defendant StopAntisemitism.org's Motion to Dismiss in part, dismissing Plaintiff's defamation and tortious interference claims against StopAntisemtism.org with prejudice. (*See* Doc. No. 28.) In the Opinion, the Court explained that the statements in StopAntisemitism.org's blog post were matters of opinion and were thus

privileged under the First Amendment and non-actionable as defamation. (*See* Doc. No. 27 (hereinafter, "Op.") at 15–18.) The Court likewise dismissed Plaintiff's tortious-interference claim against StopAntisemitism.org because the statements in the blog post constituted protected opinions under the First Amendment, particularly because they addressed matters of public concern. (Op. 18-22.)

However, the Court did not dismiss Plaintiff's false-light invasion of privacy claim (Count VII). The Court focused instead on the "public vs. private" nature of the facts at issue, and whether statements that are not provably false are actionable under a false-light theory. (*See* Op. at 22–25.) Specifically, in section III.F of its Opinion, the Court held that Plaintiff's false-light claim could proceed to trial because public facts are actionable for false-light, and because a false-light claim can be based upon statements that create a false impression, even if they are not provably false. (Op. at 22–25.) There was no mention of the First Amendment's protection of opinions in this discussion and no explanation of how the First Amendment protected statements of opinion in the defamation and tortious-interference context, but offered no protection of those same statements in a false-light claim.

## III. LEGAL STANDARD

Local Rule 7.1(g) provides for motions for reconsideration or re-argument within fourteen (14) days after the entry of the applicable order. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal quotations omitted). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Reach Commc'ns*

*Specialists, Inc. v. Williams*, No. CV 13-2388, 2023 WL 1967940, at *4 (E.D. Pa. Feb. 13, 2023) (McHugh, J.) (citing *Max's Seafood Café*, 176 F.3d at 677). Here, there is a need to correct a clear error of law and prevent a manifest injustice.

## IV. ARGUMENT

### A. A false-light claim cannot strip the First Amendment protection afforded to opinion under the First Amendment.

The Court correctly recognized that the First Amendment precluded Plaintiff's claim for defamation. (*See* Op. at 15–18.) Specifically, the Court found that the statements in StopAntisemitism.org's blog post calling Plaintiff an anti-Semite were pure opinion protected by the First Amendment and were thus non-defamatory.[2] (*See id.*) For the same reasons, the Court properly dismissed Plaintiff's tortious-interference claim, emphasizing that the First Amendment affords "special protection" to speech on matters of public concern. (Op. at 19.) In doing so, the Court concluded that StopAntisemitism.org's statements were "protected as speech of public

---

[2] The Court confirmed that "[a] statement of pure opinion receives absolute protection under the First Amendment." (Op. at 15 (citing *U.S. Healthcare v. Bluecross of Greater Phila.*, 898 F.2d 914, 927 n.13 (3d Cir. 2020).) Regarding the blog post, the Court found that "[t]he statements in STOPANTISEMITISM.org's article are opinions that do not imply undisclosed facts." (Op. at 17.) Going further, the Court characterized the blog post as follows:

> It makes clear from the outset that the article intends to provide subjective commentary on Tannous' tweets. The article continues in this way, featuring quotations from Tannous' tweets accompanied by the organization's "interpretation" or "theory" as to what they mean. *Pace*, 432 F. Supp. 3d at 513. Other statements throughout, characterizing Tannous as "antisemite of the week," "Professor of Hate," "hateful," and "bigoted," may be hyperbolic and offensive but are not actionable. *See Milkovich v. Lorain J. Co.*, 497 U.S. 1, 21 (1990) (distinguishing hyperbolic language from actionable language); *McCafferty*, 955 F.3d at 357 (affirming that "[c]alling another person's statements 'anti-Semitic'" is non-actionable); *DeAngelis*, 847 A.2d at 1268 (concluding that name-calling is non-actionable); *Jones*, 893 A.2d at 844 (stating that "accusations of anti-Semitism" are non-actionable and instead "a protected fundamental right to express views about the character of other people" (citing Rybas, 457 A.2d at 110)); *see also Jones v. City of Phila.*, 73 Pa. D. & C. 4th 246, 259 (Com. Pl. 2005) ("[C]lassifying the term anti-Semitic as defamatory would, 'restrict too severely the right to express such opinions, no matter how annoying or disagreeable,' and 'would be [a] dangerous curtailment of a First Amendment Right.'" (citing *Rybas*, 457 A.2d at 110)). Because the article is mere opinion, Tannous' defamation claim is non-cognizable.

(Op. at 17.)

concern;" the Court noted that "[t]he Free Speech Clause of the First Amendment can serve as a defense in state tort suits" and that speech on matters of public concern "occupies the highest rung of the hierarchy of First Amendment values, and is entitled to special protection." (Op. at 19 (citations, internal quotations, and ellipses omitted).)

This recognition of the importance of the First Amendment in promoting vigorous public debate stands in sharp contrast to the Court's consideration of Plaintiff's false-light claim. Instead, the Court focused on whether public facts or statements that are not provably false[3] are actionable as false light. (*See* Op. at 22–25.) StopAntisemitism.org argued in its Motion to Dismiss Plaintiff's false-light claim that "even though Plaintiff disagreed with the *opinion* that his public statements were anti-Semitic, these are matters of protected opinion. Accordingly, they are not actionable in either a false light or defamation claim." (Doc. No. 19 at 31 (citing *McCafferty*, 955 F.3d at 360) (emphasis in original).) The Opinion did not address this argument, or refer *at all* to the First Amendment in considering the false-light issue.

"Absolute" protection of opinion under the First Amendment cannot boldly exist for some claims, such as defamation and tortious interference, then disappear for false-light claims. **That is the antithesis of "absolute" protection.** The opinion gave "absolute" protection in one breath and yanked it away with the next one. This was a clear error of law.

1. Opinions that are "absolutely protected" by the First Amendment are also protected against false-light claims.

"[A] statement of pure opinion receives absolute protection under the First Amendment." (Op. at 15 (citing *U.S. Healthcare v. Bluecross of Greater Phila.*, 898 F.2d 914, 927 n.13 (3d Cir.

[3] StopAntisemitism.org will discuss the intersection of this aspect of the Court's Opinion and the principle that pure opinions are absolutely protected under the First Amendment in Section IV.A.2, *infra*.

2020).) This Court held that StopAntisemitism.org's statements characterizing Plaintiff and his tweets as "antisemitic" were *absolutely-protected* opinions. (*See* Op. at 15–18.) For that protection to be "absolute," however, the First Amendment must also preclude a false-light claim based on the same statements. Indeed, it is well-established in the Third Circuit that the First Amendment's protections apply equally to defamation and false-light claims. *See, e.g., Taha v. Bucks Cnty.*, No. CV 12-6867, 2015 WL 9489586, at *3 (E.D. Pa. Dec. 30, 2015) ("In short, false light invasion of privacy claims incorporate the same First Amendment protections as claims for defamation under state law.").

Moreover, courts in the Third Circuit and Pennsylvania have routinely emphasized—especially where the protected opinion involves a matter of public concern—that the same constitutional protections that bar a defamation claim must likewise bar a false-light claim. *See, e.g., Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 283 n.5 (3d Cir. 2004) ("That special status for speech about matters of public interest drew support from other lines of First Amendment case law that gives extraordinary protection to even defamatory speech and **invasions of privacy** when they concern . . . matters of public interest.") (emphasis added) (citing, *inter alia*, *Time, Inc. v. Hill*, 385 U.S. 374, 387–88 (1967)); *McCafferty v. Newsweek Media Grp.*, Ltd., 955 F.3d 352, 357–60 (3d Cir. 2020) (noting that "[c]alling another person's statements 'anti-Semitic'" cannot support a defamation claim because it is pure opinion and holding district court properly dismissed Pennsylvania state-law defamation **<u>and</u>** false-light claims because "[t]he First Amendment protects even the most derogatory opinions, because suppressing them would chill robust political discourse"); *Soobzokov v. Lichtblau*, 664 F. App'x 163, 169 (3d Cir. 2016) (affirming order dismissing defamation <u>and</u> false-light claims based on First Amendment protection); *see also, e.g., Smith v. Main Line Animal Rescue, Inc.*, No. 1132 MDA 2018, 2019 WL 4464814, at *10 (Pa.

Super. Ct. Sept. 18, 2019) (finding First Amendment protections extend to "speech uttered in violation of a plaintiff's state privacy rights") (citations omitted).

*McCafferty* is instructive here. In *McCafferty*, the Third Circuit determined that certain statements in a Newsweek article were non-actionable both as defamation and false-light because the statements were opinions. 955 F.3d at 357–59, 360. The contested Newsweek article in *McCafferty* stated that the plaintiff, was, *inter alia*, "weaponized" by the "hard right," and that his interviews were used to "camouflage . . . defending raw racism and sexual abuse." *Id.* at 358. The Third Circuit held that the statements in the article were pure opinion and reasoned that, while the "opinions may seem harsh, that does not strip them of their absolute privilege." *Id.* at 358. During its discussion of protected opinion, the Court explained that this privilege "holds true even when an opinion is extremely derogatory, like calling another person's statements 'anti-Semitic.'" *Id.* at 357 (quoting *Jones v. City of Philadelphia*, 893 A.2d 837, 845 (Pa. Commw. Ct. 2006)). The Third Circuit affirmed the dismissal of the plaintiff's defamation claims. *Id.* at 357–59. Then in a section titled: "FOR THE SAME REASONS, C.M.'S FALSE-LIGHT CLAIM FAILS," the Third Circuit dismissed the plaintiff's false-light claim on First Amendment grounds, as well. *Id.* at 360. The Third Circuit did so because, "as long as an opinion relies on disclosed facts, it is privileged," in both defamation and false-light contexts. *Id.* at 360

Similarly, in the non-precedential opinion in *Soobzokov v. Lichtblau*, the district court considered whether an author's book labeling the plaintiff's family as "Nazis" was protected speech. *See Soobzokov v. Lichtblau*, No. 2:15-CV-6831-SDW-LDW, 2016 WL 614411, at *3 (D.N.J. Feb. 16, 2016), *aff'd*, 664 F. App'x 163 (3d Cir. 2016). The district court dismissed the

defamation claim because the statement was "absolutely protected" under the First Amendment.[4] *See id.* at *2. In tandem, the court dismissed the false-light claim, holding that "[a] false light claim is not actionable when it is 'based upon the very publication that the court has previously held non-defamatory and absolutely privileged as a First Amendment expression.'" *See id.* at *3 (quoting *Walko v. Kean College of N.J.*, 561 A.2d 680, 687 (N.J. Super. Ct. Law Div. 1988)).

The Third Circuit agreed. The appellate court affirmed this holding and emphasized that dismissal of the defamation claim on a constitutionally-protected basis "dooms [the plaintiff's] cause[] of action for false light," holding that—especially when the speech addresses a matter of public concern—the same First Amendment protection must be extended to false-light claims as defamation claims. *See Soobzokov*, 664 F. App'x at 169. Here, the Court should apply the same principle. Because the Court has already determined that the statements in the blog post are absolutely protected by the First Amendment as opinion, StopAntisemitism.org cannot be subjected to liability for false-light invasion of privacy.

Simply put, where a defamation claim fails as a matter of law due to First Amendment-protection, a false-light claim based on the <u>same protected opinion</u> cannot stand. This is a principle endorsed by courts across the country. *See, e.g.*, *Partington v. Bugliosi*, 56 F.3d 1147, 1160 (9th Cir. 1995) (rejecting false-light claims "for the same reason that we rejected his defamation claims based on those statements: both statements are protected by the First Amendment, regardless of the form of tort alleged"); *Rinsley v. Brandt*, 700 F.2d 1304, 1307 (10th Cir. 1983) (concluding that the "defense available in a defamation action that the allegedly defamatory statements are

---

[4] In *Soobzokov*, the district court determined that the statement was "absolutely protected" under the First Amendment because of its truth rather than because it was an opinion. *Id.* at *3. Regardless of the <u>reason</u> for absolute protection under the First Amendment, the district court and Third Circuit's opinions in *Soobzokov* demonstrate that "absolute protection" must, in fact, be **absolute**—the speaker is afforded broad protection against liability in tort, rather than just *some* protection from *some* torts.

opinions . . . is also available in a false light privacy action" because "[u]nder the First Amendment there is no such thing as a false idea"); *Nunes v. WP Co. LLC*, 513 F. Supp. 3d 1, 10 (D.D.C. 2020), *aff'd*, No. 20-7121, 2022 WL 997826 (D.C. Cir. Apr. 1, 2022) ("Because Plaintiff cannot overcome those First Amendment considerations in the defamation context, the same must be true for his false light claim, which is based on the same underlying allegations."); *Pierce v. Warner Bros Ent., Inc.*, 237 F. Supp. 3d 1375, 1380 (M.D. Ga. 2017) (finding that "[c]onstitutionally privileged statements cannot form the basis of a claim for false light invasion of privacy") (citing, *inter alia*, *Weyrich v. New Republic, Inc.*, 235 F.3d 617, 628 (D.C. Cir. 2001) ("Though invasion of privacy false light is distinct from the tort of defamation, the same First Amendment protections apply.")); *Gardner v. Martino*, No. CV-05-769-HU, 2005 WL 3465349, at *11 (D. Or. Sept. 19, 2005), *aff'd*, 563 F.3d 981 (9th Cir. 2009) (holding that, because statements constituted non-actionable opinion for purposes of defamation, these statements could not provide the basis for a false-light invasion of privacy claim); *Skidmore v. Gilbert*, No. 20-CV-06415-BLF, 2022 WL 464177, at *9 (N.D. Cal. Feb. 15, 2022) ("As protected opinions, the statements are not actionable under a false-light claim.").

The same First Amendment protection that shielded StopAntisemitism.org from defamation and tortious-interference claims likewise shields StopAntisemitism.org from Plaintiff's false-light claim as a matter of law. Holding otherwise would radically transform defamation law and cause manifest injustice.

2. An absolutely-protected-opinion is non-actionable as false light regardless whether the statement is "false" or creates a "false impression."

"Falsity" means the same thing for defamation and false-light claims. *See, e.g., Graboff v. Colleran Firm*, 744 F.3d 128, 137 (3d Cir. 2014) ("Falsity with respect to a defendant's statements thus carries the same meaning in the defamation and false-light-invasion-of-privacy contexts . . ."); *see also McCafferty*, 955 F.3d at 360 ("In Pennsylvania, falsity means the same thing for false light as it does for defamation.") (citing *Graboff*, 744 F.3d at 137). The requisite "falsity" can be found in either making a statement that is provably false, or "cherry-picking" statements to create a false impression. *See Krajewski v. Gusoff*, 53 A.3d 793, 809 (Pa. Super. Ct. 2012) ("Proof of false light does not devolve on evidence that every single statement is itself false, but rather that the scenario depicted created a false impression, even if derived from true statements."); *see also, e.g., Larsen v. Philadelphia Newspapers,* Inc., 543 A.2d 1181, 1189 (Pa. Super. Ct. 1988) (holding that falsity can be shown for false-light claims if "if the plaintiff alleges that the defendant knowingly or recklessly selectively printed or broadcast true statements or pictures in a manner which created a false impression"). As the Court's Opinion observed, "false light invasion of privacy offers redress not merely for the publication of matters that are provably false, but also for those that, although true, are *selectively publicized* in a manner creating a false impression." (Op. at 24 (quoting *Krajewski v. Gusoff*, 53 A.3d 793, 806) (emphasis added by Court).)

But an ***opinion***, by its very nature, cannot be proven true or false, and it is subject to First Amendment protection for both defamation and false-light claims. *See McCafferty*, 955 F.3d at 360 ("In both [defamation and false-light] contexts, an opinion based on disclosed facts cannot be false."); *see also, e.g., Dunn v. Gannett New York Newspapers, Inc.*, 833 F.2d 446, 453 (3d Cir. 1987) ("The principle making expressions of pure opinion non-actionable is grounded on the [F]irst [A]mendment precept that ideas themselves cannot be false.") (citing *Gertz v. Robert*

*Welch, Inc.*, 418 U.S. 323, 339–40 (1974)); *Schillinger v. Pennsylvania Spotlight*, No. 2266 EDA 2022, 2023 WL 3943462, at *4 n.3 (Pa. Super. Ct. June 12, 2023) (noting the principle that "an opinion based on disclosed facts cannot be false" applies equally to defamation and false-light claims). Indeed, in the cases cited in the Court's opinion for the "falsity" issue—*Graboff*, *Krajewski*, and *Larsen*—***none*** of these decisions considered whether a constitutionally-protected ***opinion*** could form the basis of a false-light claim.[5] Therefore (a) the false-light caselaw noted in these decisions, and (b) the principle that opinions protected by the First Amendment cannot be the basis of a false-light claim, are not mutually-exclusive concepts.

Hence, the Court's determination that speech that creates a "false impression" can support liability for a false-light claim—even if it is not provably false—does not alter the conclusion that ***opinions*** are protected from both defamation and false-light claims. There is no difference between "false-light" and "false" *for purposes of the First Amendment*. Any conclusion to the contrary would turn defamation law on its head and make every otherwise-protected opinion actionable as false-light even where unequivocally barred under a defamation theory. *See, e.g.*, James B. Lake, *Restraining False Light: Constitutional and Common Law Limits on A "Troublesome Tort*," 61 FED. COMM. L.J. 625, 650 (2009) ("In fact, not only is nothing to be gained, but much is to be lost if the well-established speech-protecting rules of defamation law are evaded."). Plainly, "a plaintiff may not avoid the strictures of the burdens of proof associated with defamation by resorting to a

[5] In fact, in *Krajewski*, the court found in the defamation context that certain statements of the defendant were protected opinion—that plaintiff was collecting money in retirement benefits even though she was not retiring; and that some were actionable as defamation and not protected—that the plaintiff could donate her "ill-gotten gains" to save a library. 53 A.3d at 804–05. Later, in the false-light context, the court ***only*** found that the latter statements which ***were not protected***—that plaintiff could donate her "ill-gotten gains" to save a library—served as the basis of the false-light claim. *See id.* at 805–07. ("We are constrained to conclude that the trial court erred in granting the Newspapers' demurrer to Plaintiffs claims of false light ***as they concern the closing of the Holmesburg Library***.") (emphasis added). The holding in *Krajewski* directly supports the principle that, where statements are protected as opinion in the defamation context, they are not actionable under a false-light claim.

claim of false light invasion," including the First Amendment's protections of opinion. *See Moldea v. New York Times Co.*, 15 F.3d 1137, 1151 (D.C. Cir. 1994) (citing *Cohen v. Cowles Media Co.*, 501 U.S. 663, 669 (1991); *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 56 (1988)).

## V. CONCLUSION

For the foregoing reasons, Defendant StopAntisemitism.org respectfully requests that the Court dismiss Plaintiff's false-light invasion of privacy claim (Count VII) with prejudice.

Respectfully submitted,

COZEN O'CONNOR

By: *s/ Stephen A. Miller*

Stephen A. Miller
(Pennsylvania Bar #308590)
Gabriella M. Scott
(Pennsylvania Bar #332391)
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-4736
(215) 253-6796 (facsimile)
samiller@cozen.com
gscott@cozen.com

*Attorneys for Defendant STOPANTISEMITISM.ORG*

Dated: October 12, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of October, 2023, the forgoing Motion to Dismiss Claims Against StopAntisemitism.org, and accompanying Memorandum of Law, were filed via the Court's ECF system, thereby serving a copy upon all counsel of record.

*/s/ Stephen A. Miller*
Stephen A. Miller

Dated: October 12, 2023