IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM A. TANNOUS** | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 23-1115 |
| | : | |
| **CABRINI UNIVERSITY, et al.** | : | |

McHUGH, J.                                                                                                   November 20, 2023

**MEMORANDUM**

    This is an action brought by Kareem Tannous, a former university professor, against StopAntisemitism.org, a non-profit watchdog organization that reshared Plaintiff's social media posts with additional commentary. Defendant moves for reconsideration of an earlier ruling declining to dismiss Plaintiff's false light claim. By any objective measure, Plaintiff is correct that Defendant's original motion failed meaningfully to raise the First Amendment defense it now asserts. But freedom of speech is a core right, such that any delay in addressing a claim of First Amendment privilege may, in itself, impede this right. Moreover, Plaintiff offers no substantive response. Consequently, because I agree that Defendant's online blog constituted protected opinion under the First Amendment, even if it "cherry-picked" Plaintiff's tweets as alleged, I will dismiss Plaintiff's false light claim.

    **I.**    **Relevant Background**

    Detailed background is provided in my prior memorandum addressing Defendants' multiple motions to dismiss, ECF 27-28, so I review here only the facts relevant to the present motion. In July 2022, Defendant StopAntisemitism.org published an article titled, "Kareem Tannous – Professor of Hate," labeling Plaintiff as "Antisemite of the Week." Compl. ¶¶ 5, 27; Compl. Ex. B at 27-28 (ECF 1). The article referenced or reposted five tweets from Tannous'

personal Twitter account[1] with interspersed commentary, such as: "Tannous spreads conspiracy theories of Jewish control, refers to the Jewish people and nation as Nazis, incites violence, and calls [for] the eradication of Israel." Compl. Ex. B at 28-31.  Additionally, the article (1) requested that readers submit an ethnic discrimination complaint against Tannous, (2) encouraged readers to email the President of Cabrini University to "express . . . concern about Professor Kareem Tannous' ongoing antisemitism," and (3) commented that "[s]omeone with such intrinsic hatred often manifests their racism into real world situations and neither Jewish students nor faculty should have to be subjected to Kareem Tannous' bias." *Id.* at 31; Compl. ¶ 28.

On October 4th, 2023, I granted Defendant StopAntisemitism.org's motion to dismiss Plaintiff's tortious interference and defamation claims, but I upheld Plaintiff's false light invasion of privacy claim.  ECF 27-28.  Defendant now moves for reconsideration on the false light claim.

**II.     Legal Standard**

In this Circuit, motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  To prevail on a motion for reconsideration, the moving party must demonstrate (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court entered its prior ruling; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also* Fed. R. Civ. P. 59(e); E.D. Pa. Local R. Civ. P. 7.1(g).

---

[1] Although Twitter changed its name to "X" in 2023, I will continue to reference "Twitter" as it was then-named.

### III.   Discussion

    A.   <u>Defendant did not previously advance a First Amendment defense to Plaintiff's false light claim, but the merits will be considered given its Constitutional importance.</u>

Motions for reconsideration are "not for addressing arguments that a party should have raised earlier.  Though motions to reconsider empower the court to change course when a mistake has been made, they do not empower litigants to raise their arguments, piece by piece." *United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010) (cleaned up); *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (Motions for reconsideration "may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

Defendant's motion for reconsideration seeks to dismiss Plaintiff's false light claim on First Amendment grounds.  This is essentially a new argument.  Defendant moved to dismiss Plaintiff's *defamation* claim based on the First Amendment, but their prior false light defense hung entirely on a private versus public facts distinction.  *See* Def.'s Mot. to Dismiss at 13-22 (ECF 15). Only once – in conclusory fashion at the end of a long paragraph about public facts – did Defendant in any way suggest that its First Amendment argument extended to the false light claim: "[E]ven though Plaintiff disagreed with the *opinion* that his public statements were anti-Semitic, these are matters of protected opinion.  Accordingly, they are not actionable in either a false light or defamation claim." *Id.* at 22 (citation omitted) (emphasis original).  Rather than expound on this point, Defendant immediately returned to its public facts argument: "In any event, because Plaintiff publicized the tweets that were the subject of StopAntisemitism.org's blog post, the notion that he can hold another party liable for invasion of privacy is terminal silliness." *Id.* (citation omitted).

Defendant now protests that the Court's prior opinion "did not address [its 'protected opinion'] argument, or refer *at all* to the First Amendment in considering the false-light issue." Def.'s Mot. for Recons. at 4 (ECF 29) (emphasis original).  But this is because Defendant barely

referred to the First Amendment in moving to dismiss Plaintiff's false light claim and failed to develop its argument.  In fact, Defendant's present motion cites twenty cases and articles to support its First Amendment argument, only two of which appeared in Defendant's original motion to dismiss or reply brief.  The other eighteen sources, like the argument they mean to bolster, are newly presented here.  As observed by Judge Boudin of the First Circuit, it is not the Court's role, "especially in a counseled civil case, to create arguments for someone who has not made them or to assemble them from assorted hints and references scattered throughout the brief." *Yeomalakis v. F.D.I.C.*, 562 F.3d 56, 61 (1st Cir. 2009).

Plaintiff is therefore not wrong to complain that Defendant's motion for reconsideration "amounts to [a] third bite of the apple," and the time to raise a First Amendment defense through a motion to dismiss has passed.  Pl.'s Opp'n Br. at 2 (ECF 33).  But as noted at the outset, First Amendment defenses have unique significance, and Plaintiff does not argue substance but only procedure.  It is also noteworthy that I already accepted Defendant's First Amendment defense with respect to Plaintiff's defamation claim, which was based on the same blog posts.  Accordingly, I will consider this defense on the merits despite Defendant's oversight.

        B.    <u>Defendant's online content was protected opinion under the First Amendment and thus non-actionable under either defamation or false light.</u>

In Pennsylvania, false light invasion of privacy "imposes liability on a person who publishes material that 'is not true, is highly offensive to a reasonable person, and is publicized with knowledge or in reckless disregard of its falsity.'" *Graboff v. Colleran Firm*, 744 F.3d 128, 136 (3d Cir. 2014) (quoting *Larsen v. Phila. Newspapers, Inc.*, 543 A.2d 1181, 1188 (Pa. Super. Ct. 1988)); Restatement (Second) of Torts § 652E.  Even if the published information is literally true, "[a] plaintiff can establish falsity by showing that a defendant 'selectively printed or broadcast

true statements or pictures in a manner which created a false impression.'" *Graboff*, 744 F.3d at 136 (citing *Larsen*, 543 A.2d at 1189).

As Defendant now cogently argues, because "[t]he Supreme Court applied the *New York Times* 'actual malice' standard to false light claims in *Time, Inc. v. Hill*, 385 U.S. 374 (1967) . . . false light invasion of privacy claims incorporate the same First Amendment protections as claims for defamation under state law." *Taha v. Bucks Cnty.*, No. 12-6867, 2015 WL 9489586 (E.D. Pa. Dec. 30, 2015) (Restrepo, J.).  It follows that for both defamation and false light claims, "only statements of fact, rather than mere expressions of opinion, are actionable under Pennsylvania law," unless an opinion can "reasonably be understood to imply the existence of undisclosed defamatory facts justifying the opinion." *Mzamane v. Winfrey*, 693 F. Supp. 2d 442, 477 (E.D. Pa. 2010) (Robreno, J.) (citing *Moore v. Cobb-Nettleton*, 889 A.2d 1262 (Pa. Super. Ct. 2005) and *Remick v. Manfredy*, 238 F.3d 248 (3d Cir. 2001)).

In my previous memorandum, I noted that Plaintiff's article conceivably paints Plaintiff in "the false light of antisemitism."  ECF 27 at 25.  This could result from two distinct categories of "published material" within the article: (1) the Defendant's written commentary, and (2) the tweets that Defendant allegedly "cherry-picked" and republished from Plaintiff's Twitter account.  Pl.'s Opp'n Br. at 10-11.

I have already found, in dismissing Plaintiff's defamation claim, that Defendant's written statements in the article "are matters of opinion that are subject to disagreement and do not imply the presence of undisclosed facts."  ECF 27 at 18.  These comments therefore receive First Amendment protection and are not actionable under either defamation *or* false light.

I now further conclude that Defendant's publication of allegedly "cherry-picked" tweets by Plaintiff is protected by the First Amendment as well.  Even if Defendant selectively

republished the tweets to create a false impression that Plaintiff is antisemitic – which could satisfy the "falsity" prong of a false light claim – it nonetheless remains merely an opinion about Plaintiff, even if it is promoted through selectively reprinted material. *See Jones v. City of Phila.*, 893 A.2d 837, 844 (Pa. Commw. Ct. 2006) ("[A]ccusations of anti-Semitism" fall within "a protected fundamental right to express views about the character of other people.") (citing *Rybas v. Wapner*, 457 A.2d 108 (Pa. Super. Ct. 1983)).

Nor did the republished tweets imply the presence of undisclosed *facts* about Plaintiff of a defamatory nature. Perhaps the tweets selected could have falsely implied that Plaintiff's Twitter page was devoid of more nuanced commentary, if, for example, he elsewhere distinguished between the Israeli government and Jewish people. But this, too, would constitute only Defendant's opinion about the thrust of Plaintiff's account.[2] Thus, even if the tweets were "cherry-picked," they are protected under the First Amendment as examples offered to express an opinion that Plaintiff is antisemitic. *See Pace v. Baker-White*, 432 F. Supp. 3d 495, 513 (E.D. Pa. 2020), *aff'd*, 850 F. App'x 827 (3d Cir. 2021) (If a defendant is "expressing a subjective view, an interpretation, a theory, conjecture, or surmise, rather than claiming to be in possession of objectively verifiable facts, the statement is not actionable.") (citation omitted). Plaintiff's false light theory must be dismissed accordingly.

### IV. Conclusion

For the reasons set forth above, Defendant StopAntisemitism.org's Motion for Reconsideration will be granted, and Plaintiff's false light invasion of privacy claim will be dismissed.

/s/ Gerald Austin McHugh<br>
United States District Judge

---

[2] Defendant's blog posts criticizing Plaintiff did not suggest that the highlighted tweets were exhaustively representative of the broader body of Plaintiff's online posts.