IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREEM A. TANNOUS | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO.  2:23-cv-01115-GAM |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| CABRINI UNIVERSITY | : | |
| | : | |
| | : | |
| | : | |
| | : | **ORAL ARGUMENT** |
| | : | **REQUESTED** |
| Defendant | : | |
| _____ | : | |

**PLAINTIFF KAREEM A. TANNOUS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CABRINI UNIVERSITY'S "MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE MOTION FOR LIMITED FACT DISCOVERY"**

COMES NOW, Plaintiff Kareem A. Tannous, by his undersigned counsel, who sets forth his opposition to the above-referenced Motion(s) of Defendant Cabrini University ("Cabrini" or "Defendant"). Utilizing the same outline format as submitted by Cabrini, with the exception of "I (a)" depicting the factual disparity between the Complaint and Answer. Plaintiff  sets  forth the following :

**I.**    **PLAINTIFF'S SUMMARY OF ARGUMENT & PROCEDURAL HISTORY**

This case can be characterized by repeated "do-overs" or attempts at another bite of the apple; i.e., motion practice by various defendants who did not like the results of their various 12(b)(6) motions previously ruled upon by this Court.  STOPANTISEMITISM.ORG was the first to get a "do-over" when it clearly failed to make assertions in the first place and was

allowed the rarely to be granted remedy of reconsideration.   STOPANTISEMITISM.ORG's success undoubtedly motivated Cabrini's motions seeking yet another "do-over" on what it previously presented or failed to assert, and what was previously ruled upon.  In addition, seeking to jump the gun, without participating in an initial conference which would include the parties' determining the position forward with respect to discovery, Cabrini seeks to limit discovery.  Notably, since Cabrini's filing its Answer, nothing has happened in this case, which instead should be proceeding to discovery.  The prospect of this last remaining defendant being dismissed would be a validation of the nefarious cancel culture now afflicting institutions of higher education when it comes to the treatments of classes of people who take to twitter or the internet.  To permit another "re-do" promises to shake the faith that Plaintiff has in the judicial process.

The Complaint of Kareem A. Tannous ("Plaintiff") was filed on March 22, 2023. (Docket #1) against multiple defendants including CABRINI UNI VERSITY, THE JEWISH FEDERATION OF GREATER PHILADELPHIA, and  STOPANTISEMITISM.ORG .("Defendants") . The Complaint was sworn to and verified by Plaintiff .

Motions to Dismiss Plaintiff's Complaint were filed by all three Defendants on June 12, 2023 (Docket #'s 15- 17)  Responses were filed by Plaintiff on July 31, 2023 (Docket #'s 21-23) with replies filed on August 7, 2023 by STOPANTISEMITISM.ORG (Docket#24), on August 8, 2023, by THE JEWISH FEDERATION OF GREATER PHILADELPHIA, (Docket#25) . CABRINI UNIVERSITY'S was filed on August 11, 2023. (Docket #26)

On October 4, 2023 this Court issued  a Memorandum and Opinion (Docket#27)  and a Memorandum and Order (Docket#28) wherein :

-JEWISH FEDERATION's Motion to Dismiss was granted in full;

-STOPANTISEMITISM's Motion to Dismiss was partially granted as to Plaintiff's claim of tortious interference and defamation and expressly denied as to Plaintiff's claim of privacy (false light).

- CABRINI UNIVERSITY'S Motion to Dismiss was partially granted as to Plaintiff's claims of discrimination under 42 USC SEC. 1981, 42 USC SEC. 2000 E et seq. (Title VII) and the Pennsylvania Human Rations Act (PHRA) as well as dismissing Plaintiff's claims of maintenance of a hostile work environment under Title VII and the PHRA. This Court expressly denied Cabrini's 12(b)(6) motion as to Plaintiff's Claim for breach of contract, and claims of retaliation under Title VII and the PHRA.

On October 18, 2023, CABRINI UNIVERSITY filed its Answer to the portion of Plaintiff's Complaint that survived.(Docket #32)

The first effort at a "re-do" came with STOPANTISEMITISM's October 12, 2023 Motion for Reconsideration. Plaintiff strenuously filed a Response in Opposition on October 25, 2023 (Docket#33) STOPANTISEMITISM filed a Reply on October 27, 2023 (Docket#33) Then on November 20, 2023, this Court then granted the Motion for Reconsideration dismissing Plaintiff's remaining claim of invasion of privacy (false light) **without prejudice**. (emphasis supplied) (Docket#35,36) This ruling came notwithstanding the Court's stating that **"By any objective measure, Plaintiff is correct that Defendant's original motion failed meaningfully to raise the First Amendment defense it now asserts."** (Memorandum, docket #35, page 1 emphasis supplied) Further, this Court stated that "**Plaintiff is therefore not wrong to complain that Defendant's motion for reconsideration 'amounts to [a] third bite of the apple,' and the tine to raise a First Amendment defense through a motion to dismiss has passed. Pl.'s**

**Opp'n Br. At 2 (ECF)"** (Memorandum, docket #35, page 4 ) (emphasis suppled).

Instead of proceeding to a conference and discovery and respecting this Court's previous order, undoubtedly motivated by STOPANTISEMITISM'S "re-do", CABRINI UNIVERSITY now has filed on December 1, 2023 its own version of a "re-do" in the form of its hybrid Motion for Judgment on the Pleadings, or in the alternative Motion for Summary Judgment , or in the alternative Motion for Limited Fact Discovery.

It is clear that CABRINI UNIVERSITY simply wants to revisit this Court's prior (12)(b)(6) decision that it didn't like. When it comes to infirm procedural process, here we go again. Simply stated, enough is enough. This hybrid motion needs to be denied and the case should be allowed to proceed.

### I. (a)  A Side-by-Side Examination of the Complaint and Answer Demonstrate Genuine Issues of Material Fact

Cabrini's Answer (Docket #32) is replete with denials or claims that it is without sufficient knowledge, such as to place the pertinent facts of this case at issue which overcomes Cabrini's motions.

The following portions referenced below show that there is no basis to approve Cabrini's motions as to dismissal or to approve Cabrini's requested restrictions on discovery:

- (1) At paragraph 2, Cabrini claims not to understand the term "tenure track", thus placing that term at issue, relating to whether Plaintiff had a legitimate expectation as to continued employment, regardless of the limitation of purportedly annual contracts entered into between Cabrini and Plaintiff .

- (2) At paragraphs 15 and 16, despite the due diligence it must have done to hire him in the first place,  Cabrini claims to be without sufficient information as to Plaintiff's background.

4

- (3) Again, with respect to Plaintiff's "tenure track" status, Cabrini repeats in paragraph 17, what is set for at (1) above, further admitting that this is a "multi-year" process, then describing in detail the tenure process as Cabrini chooses to explain it . Further, Cabrini denies the existence of the  written assurance received by Plaintiff by its own VP for Academic Affairs that "You will be eligible to apply for tenure in your sixth year of full-time service at Cabrini University in academic year 2025-2026.

- (4) In Answer paragraph 18, Cabrini contends that Plaintiff's phrase "gave up his life and home" was somehow ambiguous, therefore placing that  contention of Plaintiff 's in issue.

- (5) Answer paragraph 19 admits that Plaintiff's contracts were renewed, placing in issue whether such renewal was merely for successive one year periods. Otherwise, Cabrini goes into detail about the tenure track process as referenced in (3) above. In addition, Cabrini claims to be without sufficient knowledge or information about its own and its students ' evaluations of Plaintiff, thus placing those at issue.

- (6) See (5) which is largely repeated in Answer 20.  Again, Cabrini claims to be without knowledge as to its own evaluations regarding Plaintiff's "tenure track" progress.

- (7) At Answer paragraph 22, "Cabrini specifically denies Plaintiff's assessment that his comments were not disparaging the Jewish people" placing those comments at issue.

- (8)  At Answer paragraphs 23 and 24, Cabrini places at issue what was said at a meeting with Plaintiff.

- (9)  Despite being able to factually determine whether or not Plaintiff used Cabrini software or hardware for his political speech and whether or not Plaintiff communicated his views to students, and whether or not Cabrini students ever raised objections, Cabrini claimed to be without specific knowledge, therefore denying Plaintiff's claims in Complaint paragraph 25 that Plaintiff did not communicate his political views with students and that students did not raise them with Cabrini's administration.

- (10) Cabrini's answer in paragraph 30 places in issue whether its President read Plaintiff's tweets out of context or not.

- (11) Cabrini's answer at 31 admits that "people criticize governments without losing their employment, or being accused of being against a particular people",  specifically putting at issues Plaintiff's tweets.

- (12) Cabrini's answer at paragraph 33 is labeled as a denial, not responding directly to Plaintiff's assertion that he was told by Cabrini's President and HR Director that there were not any open complaints or investigations from within the university about him. This is in accord with Plaintiff's contention that there were no students who knew of or complained  about his tweets. (See Complaint paragraph 25)

- (13) Cabrini's answer at paragraph 35 refuses to validate its own correspondence to Plaintiff placing at issue Plaintiff's allegations that the letter was devoid of  "reasons" for Plaintiff's termination

- (14) At paragraph 36  Cabrini puts at issue the terms of its own handbook with respect to Cabrini having the burden of proof with respect to dismissals.

6

- (15) At paragraph 37 Cabrini's denial as to whether Plaintiff exhausted his administrative remedies, placed that at issue.

- (16) Cabrini's answer at 42 admits significantly that "the tweets for which Plaintiff were fired **related to, inter alia Israel", not Jews**. (emphasis supplied)

- (17) Cabrini's answer at 43 puts at issue when and by whom it became aware of Plaintiff's tweets.

- (18) Cabrini's answer of denial at 44 places in issue whether Cabrini violated the Handbook provisions as to Academic Freedom at 2.1.1. C as quoted by Plaintiff in paragraph 24 of his Complaint.

- (19) Cabrini's answer of denial at 45 places in issue whether Cabrini was in violation of its support for the 1940 Statement of Principles on Academic Freedom and Tenure by the American Association of University Professors quoted in Plaintiff's Complaint at paragraph 45.

- (20) Cabrini's answer at 59 denying retaliation against Plaintiff places that factual matter at issue.

- (21) Cabrini's answer at 72 specifically denies any allegations of discrimination but does not deny retaliation which was pled by Plaintiff.

- (22) Cabrini's answer at 74 recites what was previously referenced herein with respect to "tenure track".

- (23) Cabrini's answer at 76 places in issue whether Plaintiff's contract was terminated before his contract was concluded.

- (24) Cabrini's answer or lack thereof at 77 places at issue whether Defendant had made of promise of continued employment consistent with the provisions of its contracting process and its Handbook.

For all of what is cited in this section, consisting of contested facts, as well as what follows, this Court should deny Cabrini's Motion(s).

## II.     LEGAL STANDARDS

### A.  Judgment on the Pleadings

A request for judgment on the pleadings pursuant to FRCP 12(c ) simply takes us back the self-same 12(b)(6) analysis which this Court has already previously undertaken at Cabrini's request. See *Grimes v. District of Columbia, Bus. Decisions Info. Inc.*, 89A.3d 107, 111 (D.C. 2015)  Furthermore, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp, v. Twombly*, 550 U.S. 544,570 . Moreover, the plausibility requirement "does not impose a probability requirement at the pleading stage it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the conduct necessary to make out the claim." *Bell Atl Corp*, at 556.  This Court has already determined that the contract and retaliation claims met the standard.

This Court should either deny this request outright or defer the FRCP 12(h) mandatory hearing on Cabrini's motion(s) until after discovery and prior to trial.

Defendant cites the decision in *Allah v. Al Hafeez*, 226 F. 3d 247, 250  (3d Cir. 2000) for the proposition that a court is to view all allegations in the complaint as true and to draw all reasonable inferences in the non-movant's favor. Yet, on that same page cited, the Third Circuit Court of Appeals states that the judgment rendered by the court below is to be affirmed only if

no relief can be granted under any set of facts that could be proved. (citing *Turbe v. Government of Virgin Islands*, 938 F.2d 427,428 (3d Cir. 1991)  Cabrini cannot meet this standard.

Cabrini also relies on the decision in *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994 ) which invokes the  FRCP Rule 12(b)(6) standard in  making its decision .

Reference is also made to  *Trinity Indus. Inc. v. Greenlease Holding Co*. 903 F.3d 333, 349. (3d Cir. 2018) for the proposition that the movant, in this case Cabrini, has to establish that there is no material issue of fact to resolve. Here, the Third Circuit also makes reference to *Rosenau v. Unifund Corp*. 539 F.3d 218 (3d Cir. 2008) which reversed the lower court's grant of judgment on the pleadings.  At page 221 in *Rosenau*, the Third Circuit  states " 'Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. In reviewing the grant of a Rule 12( c) motion, we must view the facts presented in the pleadings and the inferences to be drawn  therefrom in the light most favorable to the non-moving party.'" *Jablonski v. Pan Am. Worldways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)

Cabrini cites *Stoudt v. BCA Indus*. 5:22-cv-01900 (E.D. Pa. Dec. 9, 2022)  for the proposition that interpretation of an unambiguous contract is a matter of law. However, the page cited by Cabrini is inaccurate.  Again, *Stoudt* is a 12(b)(6) case. Moreover, at 17, the Court referenced *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) "holding that 'even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit curative amendment, unless an amendment would be inequitable or futile"  It will be remembered that in accordance with its response to Cabrini's original motion to dismiss, that Plaintiff made such a request. Should this Court find merit in Cabrini's FRCP 12(c)

motion, then Plaintiff renews such a request.  Moreover, this Court's order with respect to STOPANTISEMITISM was "without prejudice" raising the opportunity for Plaintiff also to replead with respect to its claims against STOPANTISEMITISM.

Cabrini also cites the decision of *Freedom Properties , L.P. v. Lansdale Warehouse Co.*, No. 06-5469 (E.D. Pa. Oct. 30, 2008), another FRCP 12(b)(6) case, for the proposition that courts can resolve contract disputes on a motion to dismiss if the terms of the contract are "unambiguous".  Again, this Court has already made its ruling allowing Plaintiff's contract and retaliation  claims to go forward. Nothing more than an Answer has been filed. No discovery has occurred and and nothing new is now asserted by Cabrini that was or could have been previously asserted.  Moreover an initial conference with the Court has not been scheduled.

Contrary to Cabrini's claim that its motion will insure efficiency when it comes to the utilization of court resources, a consideration of what has already transpired, as well any consideration by this Court limiting discovery, together with  Plaintiff's right to amend its complaint, with respect to Cabrini and STOPANTISEMITISM  (as a result of this Court's "without prejudice" dismissal) shows that Cabrini is requesting much more of the Court, instead of less, as we go round and round with respect to what has already been decided.  Further, FRCP 12(i) explicitly requires a hearing on a  Rule 12( c) motion unless the Court orders a deferral until trial.  This is hardly an efficient minimization of court resources. Instead this additional attempt at a "re-do" promises to proliferate matters.

### B.  Cabrini's "re-do" to dismiss Plaintiff's Retaliation Claims Under Title VII and PHRA

Interestingly**,** Cabrini cites nothing in the way of applicable procedure justifying its  naked assertion that this Court take action with respect to Plaintiff's retaliation claims, admitting that " Cabrini is also now seeking that this Court consider the arguments Cabrini did not squarely

present in its motion to dismiss Plaintiff's retaliation claim." Squarely or otherwise, that time is over. As was the case with STOPANTISEMITISM'S "reconsideration" motion, as referenced hereinabove, we now have another unwarranted "third bite" at the apple. Now that its Answer has been filed, and given lack of legal or procedural justification for a dismissal of the retaliation claims, Cabrini should not be permitted any consideration now of what it clearly in the first place failed to present or lost.

### III.    PLAINTIFF'S SPECIFIC RESPONSE TO CABRINI'S ARGUMENT

#### A.  Cabrini is Not Entitled to Judgment on the Pleadings

In forty years of practice, the undersigned has not seen the amount of motion practice as has been conducted by Cabrini when a simple reading of the Plaintiff's Complaint and Defendant's Answer show disparate facts as detailed previously herein.

As already pointed out herein, it is preposterous for Cabrini to argue that it is saving judicial resources by attempting yet another "do-over".   Nothing was added by way of its Answer or of  the attachments to its motion(s).

Cabrini's suggestion that discovery be limited to only those facts "which might position the Court to rule on dismissal of Plaintiff's breach of contract claim" makes for more inefficiency and work for this Court, placing it in the position of unreasonably limiting discovery given the clear disparity of facts involved, not to mention Plaintiff's other claim of retaliation. This attempt at prior restraint of discovery promises to occupy the Court with matters it would not ordinarily deal with and simply to proliferate issues for the Court, instead of simply allowing discovery to proceed in its normal form.

#### B.  Cabrini is simply rehashing its prior Motion to Dismiss

Cabrini is disingenuous in  minimizing its omission on the matter of retaliation,

suggesting that the Court found that "Cabrini's Motion to Dismiss did not squarely address the retaliation claim brought by Plaintiff." (Cabrini Memorandum at Docket #37-1 docket page 6) In fact,  at footnote #5 of the Court's Memorandum, Docket # 27 at  docket page 6) this Court states that Cabrini's "brief makes no argument regarding the retaliation claim. " Accordingly, this Court decided to allow Plaintiff's retaliation claim. The Court's Memorandum hardly constituted an invitation for a re-do or reconsideration. It is in the spirit of "me-tooism" with the other Defendants, on clearly different grounds, that Cabrini attempts reconsideration, although its motion does not refer to it as such.

This Court was explicit in its decision that Plaintiff' retaliation and breach of contract claims both survive. (Memorandum at page 1, Docket #27)  As quoted and referenced by Cabrini, Plaintiff's complaint alleged that " Defendant retaliated against Plaintiff on account of his protected status as a Palestinian American for his tweets…." (Complaint at par. 55) Further, Cabrini notes that Cabrini " retaliated against him for standing up for himself." (Complaint at par. 59) and that "defendant unlawfully retaliated against Plaintiff due to his tweets and for his defense thereof. (Complaint at par. 60)  Plaintiff has been clear in stating that the retaliation suffered by Plaintiff, by way of his firing, was for protected activity. Plaintiff's averments at Count II of his Complaint (Docket #1 at docket pages 14 and 15) sufficed as far as a retaliation claim is concerned.

With virtually nothing new and, of course nothing in the way of discovery, there is nothing to rehash and nothing that Plaintiff should now have to respond to. Simply stated, Plaintiff's Complaint stated his opposition to unlawful action because of protected activity . Moreover, the Court was careful to distinguish what it was striking and what it was not. Cabrini should not be allowed to disingenuously bootstrap itself into trying to obtain a ruling that it never

sought in the first place. In the unlikely event this Court does not deny Cabrini's motion, then Plaintiff again requests the freely granted opportunity to replead with a first amended complaint.

### ii. Plaintiff has Adequately Alleged Causation

Again, Cabrini should not now be allowed to argue what it failed to argue in the first place. Moreover, here Cabrini is arguing facts

The Complaint could not be more clear given Plaintiff's assertion that he was terminated in retaliation for protected activity. That contention is not obviated by the Court's statement that "it would be objectively reasonable for any employer to be concerned about [Plaintiff's] choice of language, regardless of the author's ethnic identity."  "Concern" is one thing. Given that there were no complaints from his students or inquiries from within Cabrini, but instead from outsiders with a clear ax to grind when it comes to "cancel culture", firing involves quite another matter. This all involves questions of fact and whether the employer is more concerned with a Palestinian's choice of words than that of others of different descent.

### 3.      Breach of Contract Claim

In this section Cabrini claims that this Court would have dismissed Plaintiff's contract claims but for demonstration of the authenticity of certain documents. This again is a misrepresentation of the Court's 12(b)(6) decision.  Further Cabrini's new motion(s) constitutes nothing more than a "redo" of that 12(b)(6) decision,.

Also Cabrini repeats reference to case law referenced previously stating that "interpretation of an unambiguous contract is a matter of law" referencing  *Stoudt v. BCA Indus., No. 5:22-CV-01900 (2022 WL 17547576 at \*4 (E.D. Pa. Dec. 9, 2022)* and that "Courts can resolve contract disputes on a motion to dismiss if the claims…. are barred by the unambiguous terms of the contract….because the interpretation of an unambiguous contract is a matter of law

for the court." *Freedom Props., L.P. v. Lansdale Warehouse, Inc.,* No. 06-5469, 2007 WL 2254422 at *3 (E.D. Pa. Aug. 2, 2007)

Yet the contract here and its renewals and non-renewal are far from ambiguous. For one example, as previously referenced in Cabrini's Answer, if Cabrini does not understand the term "tenure track" then how can the contract be considered "unambiguous"?

Cabrini argues facts in quoting one subsection of the Faculty Handbook, Section 2.6.2 stating that termination may be "due to malfeasance or conduct not meeting University ethical or other professional expectations applicable to Cabrini University faculty", conveniently ignoring other provisions upon which Plaintiff relied. For example, Paragraph 24 of Plaintiff's Complaint (Docket#1 at docket pages 7 & 8) references and restates Handbook 2.1.1 entitled "Academic Freedom" providing that " When they speak or write as citizens, they should be free from institutional censorship or discipline…."  The section goes on to state that as "scholars and educational officers they should remember that the public may judge their profession and their institution by their utterances. Hence they should at all times be accurate, should exercise appropriate restraint, should show respect for the opinions of others, and should make every effort to indicate that they are not speaking for the institution." In this paragraph of Plaintiff's verified Complaint he stated "At all times, Plaintiff complied with 2.1.1. Again, at no time, did Plaintiff indicate any affiliation with Cabrini University in his tweets."

Further, at Complaint paragraph 36, Plaintiff noted that the Cabrini Handbook requires that the "Burden of proof rests with the University in cases where a faculty member is dismissed." Plaintiff further states that Cabrini failed with respect to that burden and that Plaintiff received nothing in the way of a due process pre-termination hearing.

At paragraph 45 of his Complaint,  Plaintiff again references the Faculty Handbook's provision that "The Faculty and Administration of Cabrini University support the 1940 Statement of Principles of Academic Freedom and Tenure published by the American Association of University Professors (AAUP)"  quoting as follows:

> The purpose of this statement is to promote public understanding and support of academic freedom and tenure and agreement upon procedures to ensure them in colleges and universities. Institutions of higher education are conducted for the common good and not to further the interest of either the individual teacher or the institution as a whole. The common good depends upon the free search for truth and its free expression.

Then, with respect to this self-same handbook provision, Plaintiff has plead breach of contract  by stating at Complaint paragraph 77 that "Consistent with the provisions of its annual contract process and its Handbook, Defendant Cabrini made a promise of continued employment consistent with an obligation of good faith and fair dealing, which in context also included complying with general principles of academic freedom and AAUP's *1940 Statement of Principles of Academic Freedom and Tenure."*

Clearly, Cabrini wants only to incorporate those portions of the Handbook which benefit it and not those that Plaintiff has relied on as referenced hereinabove.  Moreover, despite the plain words of Cabrini's "support" for the *1940 Statement of Principles*, Cabrini seeks to argue facts, now perversely claiming that Cabrini has "not elected to adopt it or make it a part of the contract." This makes for ambiguity.

Finally, Plaintiff has adequately pled a pattern and practice of renewal of Plaintiff's annual contracts and that Plaintiff was on a tenure track. That pattern and practice is to be considered in terms of Plaintiff's theory of contract.

In conclusion, Cabrini lost its 12(b)(6) motion with respect to Plaintiff's contract claim. Nevertheless, Cabrini claims once again that "Plaintiff has not plead a claim for breach of contract upon which relief can be granted." (Document 37-1, docket page 13.   Cabrini has presented nothing new or compelling for this Court to consider. Further, as evidenced by Cabrini's renewed filing, the problem for Cabrini is that competing Handbook provisions setting forth conflicting statements of policy with respect to social media use that make for factual dispute and ambiguity, such that this Court should not make the ruling Cabrini requests. Simply stated, there is nothing unambiguous here that the Court can decide. Moreover, given the circumstances and ambiguity, it would be inappropriate for this Court to issue, at this time before discovery, what amounts to an advisory opinion that Cabrini was free to not renew Plaintiff's contract for future years or otherwise to restrict discovery.

### B.  In the Alternative, Cabrini is Not Entitled to Summary Judgment on its Breach of Contract Claim

Cabrini feels that now, by now simply authenticating certain documents, without more in the

way of discovery, it will  defeat this Court's prior ruling, now claiming that its Motion(s) is entitled to summary judgment consideration on Plaintiff's Breach of Contract Claim. These gyrations make a mockery of the process.  Whether by virtue of FRCP 12(b)(6) or FRCP 56, where summary judgment is only appropriate if there is no genuine issue of material fact where the movant is entitled to judgment as a matter of law, *Meyer v. CUNA Mut. Ins. Soc.*, 648 F.3d 154, 162 (3d Cir. 2011),  here there are factual disputes and genuine issues as to material facts which would affect the outcome of the case as amply evidenced in Plaintiff's verified Complaint together with Cabrini's Answer that has been set forth hereinabove.

16

**C. In the Alternative, This Court Should Not Schedule Limited Fact Discovery**

While, indeed  a court has inherent authority to manage discovery, with the absence of an initial conference and the absence of anything in the way of initial  discovery requests, there is nothing for this Court yet to manage and there is nothing for Cabrini to object to. Discovery will proceed in the ordinary course based on Plaintiff's surviving claims.  Hence Cabrini's request is premature. Discovery should be allowed to proceed in that ordinary course at which time Cabrini will be able to have this Court rule on any issues that may arise.

## IV.    CONCLUSION

Despite very different factual and legal issues than those present which prompted this Court to dismiss claims against the other named defendants, Cabrini , in the spirit of "me-tooism", requests another opportunity from this Court to reconsider its prior motion to dismiss. Cabrini's motion in the alternative of another motion, in the alternative of a third motion, presents nothing new. Given the fact that there has been no discovery and that the pleadings show the existence of a factual dispute, not to mention this Court's prior ruling, Cabrini's Motion(s) should be denied.


Dated: January 2 , 2023                       Respectfully Submitted,

                                              /s/ Mark D. Schwartz
                                              Mark D. Schwartz, Esquire (30527)
                                              300 Sandcastle Drive,
                                               Bryn Mawr, PA 19010-0330
                                               Telephone & Fax: 610 525-5534
                                               Email: MarkSchwartz6814@gmail.com

                                              Attorney for Plaintiff,  Kareem A. Tannous

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of January, 2024 the foregoing Memorandum in Response to Cabrini's Motion for Judgment on the Pleadings, or in the alternative Motion for Summary Judgment or in the alternative Motion for For Limited Fact Discovery was filed via the Court's ECF system, thereby serving a copy on all counsel of record.


*/s/ Mark D. Schwartz*

Mark D. Schwartz


Dated: January 2, 2024